UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR RENARD HARRISON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:20-cv-01558-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 19, 22.) |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

Plaintiff argues that: (1) the ALJ failed to account for the limitation to simple work activity with a logical, rational, and stated basis; and (2) the vocational expert's understanding of the limitation to routine tasks renders the identification of work as in conflict with the DOT that the ALJ failed to resolve. (ECF No. 19). Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

1

**I.     ANALYSIS**

    **A.     Limitations from Medical Opinions**

Plaintiff first argues that the ALJ failed to account for limitations supported by the medical opinions without a sufficient basis.  The ALJ omitted certain limitations when it summarized and endorsed Dr. Hamill's findings.  Additionally, Plaintiff argues, the ALJ failed to provide reasons for rejecting the limitation to simple work found by Dr. Caruso-Radin and suggested by Dr. Amado. (ECF No. 19).

The Commissioner concedes that the ALJ's summary of Dr. Hamill's findings was inaccurate in that it omitted Dr. Hamill's finding of moderate impairments in his ability to deal with the usual stressors encountered in the workplace and moderate impairments in the ability to maintain regular attendance and complete a normal workday or workweek.  However, the Commissioner argues, such error was harmless because the ALJ's RFC limited Plaintiff to only "occasional interaction with coworkers and the public," which, the Commissioner argues, would be sufficient to account for Dr. Hamill's limitations because those limitations related to Dr. Hamill's opinion that Plaintiff's "most likely impairments would come from situations in which he felt as though others were accusing him of certain behaviors in a work setting."  Regarding Dr. Amado and Dr. Caruso-Radin's limitations to simple work, the Commissioner argues that the ALJ is a fact finder responsible for determining the RFC and the RFC is supported by substantial evidence.  (ECF No. 22).

Regarding Dr. Hamill, the ALJ stated as follows:

> In July 2019, the claimant attended a psychological consultative examiner with Meghan Hamill, PsyD. The claimant presented with chief complain explosive disorder, paranoia and anxiety. He endorsed suing marijuana on an occasional basis. He indicated that he grows his own plants in his home from which he smokes. He started using methamphetamine at age 22 and uses it daily when he is going through periods of time when he uses the drugs. He last used it three months ago. Dr. Hamill diagnosed major depressive disorder, recurrent, mild, unspecified anxiety disorder, rule out schizoaffective e disorder, bipolar type, by history, methamphetamine use disorder, in reported remission, and cannabis use disorder, moderate. Dr. Hamill indicated that the clamant did not display any significant deficits in his ability to follow or carry out instructions or make work-related decisions. His most likely impairments would come from situations in which he

> felt as though others were accusing him of certain behaviors in a work setting. She opined that the claimant would have moderate impairment in ability to interact with coworkers and the public and no impairment in all other areas of functioning (Ex. 7F). The undersigned affords this opinion weight because it is consistent with the record; the opinion relates to specialty and it is based on examination.

(A.R. 28). As the Commissioner concedes, the ALJ's summary of Dr. Hamill's opinion is incorrect. It omitted two limitations: "The claimant has moderate impairment in his ability to maintain regular attendance and complete a normal workday or workweek without interruptions from a psychiatric conditions," and "The claimant has a moderate impairment in his ability to deal with the usual stressors encountered in the workplace." (A.R. 675). It is worth noting that these two limitations were on a different page than the limitations accurately summarized by the ALJ.

The Commissioner argues that this error was harmless, however, because the RFC included a limitation: "can have occasional interaction with coworkers and the public." The Commissioner argues that this limitation should account for the other limitations on attendance and ability to deal with stressors because Plaintiff's explosive behavior only occurs when he is accused of doing something he did not do. (A.R. 670) ("He was asked to describe his explosive behavior and he stated that it only occurs when he is accused of doing something he did not do . . . .").

The Court cannot find that this error was harmless. Dr. Hamill's opinion does not specifically tie the missing limitations to Plaintiff's outbursts from being wrongly accused, although that's a possible interpretation. More importantly, it is not clear that a limitation to occasional interaction with coworkers and the public would adequately accommodate Plaintiff's impairment in this area. After all, in Dr. Hamill's opinion, the missing limitations were wholly separate and in addition to the limitation to Plaintiff's ability to interact with coworkers and the public.

Remand is appropriate under these circumstances. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."); *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. 2017) ("Here, the ALJ gave great weight to Dr. Nolan's

opinion, but the RFC failed to take into account all of the limitations identified by Dr. Nolan, and the ALJ failed to explain why she did not include the limitations in the RFC. As a result, the ALJ erred in formulating the RFC."); *Collins v. Colvin,* 2016 WL 7379263, at *2 (W.D. Wash. 2016) ("the Court finds that the ALJ's decision to reject without comment Dr. Robinson's pace limitation constitutes harmful legal error, and that the RFC assessed by the ALJ is not supported by substantial evidence in the record."); *Stoner v. Colvin*, No. 2015 WL 1636911, at *4 (W.D. Wash. 2015) (reversing and remanding for further proceedings where the "ALJ omitted, without comment, a limitation included in a medical opinion" and "[c]onsequently, the ALJ's RFC determination failed to account for all limitations assessed by reviewing doctors").

Plaintiff next argues that the ALJ failed to state sufficient reasons for rejecting the limitation to simple work found by Dr. Caruso-Radin and suggested by Dr. Amado. The ALJ stated as follows regarding their opinions:

> State agency psychiatric consultant H. Amado, MD, M.D., and State agency psychological consultant Phaedra Caruso-Radin, Psy.D., assessed mild difficulties understanding, remembering, or applying information; mild difficulties interacting with others; moderate difficulties concentrating, persisting, or maintaining pace; and mild difficulties adapting and managing oneself, and found the claimant able to implement simple instructions with adequate concentration, persistence and pace in order to complete usual work schedules and maintain concentration, persistence and pace for such (Exs. 1A; 2A; 5A; 6A). The undersigned affords some weight to the opinions of Drs. Amada and Caruso-Radin, but the record supports moderate limitations in interacting with others.

(A.R. 28).

A state agency medical consultant's opinion is significant and must be addressed. 20 C.F.R. § 404.1527(e).[1] Medical consultants are not only highly qualified, but are also experts in Social Security disability evaluation. 20 C.F.R. § 20 C.F.R. 404.1513a(b)(1). The ALJ "must" consider the medical consultant's findings. *Id.* "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p; *see also Sawyer v. Astrue*, 303 Fed. Appx. 453 (9th Cir. 2008) (the ALJ erred when he

---

[1] Plaintiff filed his applications alleging disability on August 19, 2016, before new regulations governing claims filed March 17, 2017 took effect.

indicated he agreed with the findings of the state agency medical consultants but did not accurately include the limitations found by the consultants in his decision and did not otherwise explain the weight he gave those opinions).

The ALJ adopted the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he must avoid concentrated exposure to respiratory irritants, humidity, wetness, temperature extremes; can have occasional interaction with coworkers and the public; can adapt to routine changes in a work setting; and can maintain attention and concentration for 2-hour increments with normal breaks.

(A.R. 23). This RFC does not include all limitations included in the consulting medical opinions, including moderate limitations on the ability to carry out detailed instructions and on the ability to complete a normal workday and workweek without interruptions without "simple instructions" as further described in their opinions. (A.R. 94).

The ALJ provided no reason for rejecting limitations by the consulting experts. After summarizing their opinions, the ALJ only stated that "[t]he undersigned affords some weight to the opinions of Drs. Amada and Caruso-Radin, but the record supports moderate limitations in interacting with others." (A.R. 28). Although only "some weight" was given to their opinion, there is no explanation for rejecting any limitations. Indeed, the sentence suggests that the consultants erred only insofar as they did not include additional limitations regarding interacting with others.

## II.   CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this decision. Upon remand, the ALJ shall incorporate additional limitations as opined by Dr. Hamill, Dr. Armad and Dr. Caruso-Radin and evaluate whether Plaintiff is considered disabled after accounting for these additional limitations.[2]

---

[2] Plaintiff also argues that the ALJ failed to resolve the identification of work in conflict with the DOT. Because the testimony of the vocational expert and relevant work was based on the prior limitations, which will likely be affected

The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated:  **July 21, 2022**                              /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

---

by further consider on remand, the Court declines to address whether that testimony conflicted with the DOT.